**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Salvador Pulido-Bernal, | Case No. 2:26-cv-02062-JAD-EJY |
| Petitioner | **Order Directing Service of 28 U.S.C. § 2241 Petition and Setting a Briefing Schedule** |
| v. | |
| Markwayne Mullins, et al., | [ECF No. 1] |
| Respondents | |

Petitioner Guillermo Barrera-Romero, an immigration detainee who is challenging the lawfulness of his federal detention at Nevada Southern Detention Center, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241 and paid the filing fee.[1]  Having conducted a preliminary review of the habeas petition, I direct that it be served on the United States Attorney's Office for the District of Nevada and set a briefing schedule.

IT IS THEREFORE ORDERED that the Clerk of Court is directed to:

1. **ADD** the United States Attorneys' Office for the District of Nevada (USAO) to the docket as an Interested Party.  Under the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **MAIL** a copy of the petition (ECF No. 1-1) and this order under Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

3. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

---

[1] ECF Nos. 1, 1-1, 1-2.

IT IS FURTHER ORDERED that the USAO must file a notice of appearance within 7 days of the date of this order and file and serve their answer to the petition within 14 days of service. The respondents must file any documents referenced or relied upon in their responsive pleading with that pleading.[2] The respondents must also incorporate any arguments for dismissing the petition into their response—filing a separate motion to dismiss is not permitted. Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension and must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

IT IS FURTHER ORDERED that the **USAO must produce the following documents to the FPD** (or certify that such documents are not in their custody or control) **within 7 days of the date of this order**:

1.    I-200 Warrant for Arrest of Alien;

2.    Form I- 286 Initial Custody Determination;

3.    I-862 Notice to Appear;

4.    Form I-213 Record of Deportable or Inadmissible Alien;

5.    All immigration court orders in the petitioner's removal proceeding;

6.    Documents certifying any appeal of any immigration court orders by Department of Homeland Security or the petitioner; and

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

2

7.    Transcripts and/or audio recordings of any custody redetermination proceedings.[3]

IT IS FURTHER ORDERED that **the respondents must not transfer the petitioner out of this District,** with the exception of effectuating the petitioner's lawful deportation.[4]  In the event of lawful deportation, the respondents' counsel must file a notice with the court within 5 days from deportation.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 15, 2026

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (finding that courts may require the production of evidence if necessary to "dispose of the matter as law and justice require"); Rule 6 of the Rules Governing § 2254 Cases (permitting the production of evidence upon good cause shown). I apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").